IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01669-REB-MJW

ESTATE OF ELIAS SANTISTEVAN, By Chanell Santistevan as Personal Representative;
ESTATE OF DEION SANTISTEVAN, By Chanell Santistevan as Personal Representative; and
CHANELL SANTISTEVAN, Individually as Widow of Elias Santistevan, Parent of Deion Santistevan, and in her Capacity as Parent and Guardian of YARIAH SANTISTEVAN and RUDOLPH F. SANTISTEVAN, minor children of Elias Santistevan,

       Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER, COLORADO;
CHIEF OF POLICE GERALD R. WHITMAN, in his individual and official capacity;
JOHN DOES 1 - 30, Members of the S.W.A.T. Unit, Law Enforcement Officers, and Detectives Employed by the Denver Police Department, each in his or her individual and official capacity,

       Defendants.

## STIPULATION AND PROTECTIVE ORDER

Each party and each Counsel of Record stipulate and respectfully move the Court for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined) as follows:

1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 3 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions and other proceedings in this action. The Parties assert the disclosure of such information

outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and respectfully request that the Court issue this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. For the purposes of this Protective Order, the term "Plaintiff" shall include all Plaintiffs, collectively or individually, as well as a deceased person represented by a Plaintiff in this action.

3. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom that contains information that is confidential and implicates common law and/or statutory privilege interests and designated by one of the Parties in the manner provided in paragraph 4 below as containing Confidential Information, including, but not limited to:

   a. the Parties' and/or their representatives' personnel files;
   b. internal affairs investigation files;
   c. witness statements;
   d. the Parties' and/or their representatives' records of medical and mental health care providers;
   e. the Parties' and/or their representatives tax and/or financial records; and
   f. Plaintiffs' juvenile, arrest and / or criminal history records, if any.

4. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

2

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten (10) calendar days after receipt of the transcribed testimony.

5. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

6. Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

7. The Party's counsel who discloses Confidential Information shall be responsible for ensuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and

3

retain the original affidavits signed by qualified recipients on Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

8. During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 7 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms conditions deemed appropriate by the Court.

9. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case or for the attachment of copies of confidential documents to motions and submissions to the court by a party in accordance with D.C.COLO.LCivR 7.2. Any such copies shall be made and used solely for purposes of this litigation.

10. Except as elsewhere provided in this Stipulation and Protective Order, during the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 9 above.

11. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, or longer if the parties mutually agree to a longer time to discuss any pending dispute, it

shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If requested, the party objecting to the Confidential designation may grant the designating party additional time to try to resolve the dispute before a motion needs to be filed with the Court. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

12. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.

13. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, until [~~even after this action is terminated~~] the Case is Terminated.

14. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective

Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

15. The Parties agree that the terms and conditions in this Protective Order survive the termination of this litigation. Upon conclusion of this litigation by a final judgment or dismissal, any Party in possession of Confidential Information will retrieve and return within 30 days all such confidential documents and copies to the designating party.

16. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

17. Nothing in this Stipulation and Protective Order shall relieve any party of its obligation under Fed.R.Civ.P. 26(b)(5) to prepare and provide a privilege log.

DATED this __6th__ day of __February__, 2009.

**BY THE COURT:**

_____
Michael J. Watanabe
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

By _____[signature]_____
Douglas Leo Romero, Esq.
200 S. Sheridan, Suite 150
Denver, CO 80226
Telephone: (303) 934-7500
Facsimile: (303) 934-0300

By _____[signature]_____
Normando Pacheco, Esq.
2371 Locust Street
Denver, CO 80207-3447
Telephone: (303) 981-2657
Facsimile: (303) 312-1858

By    s/ Luis A. Corchado
Luis A. Corchado, Esq.
Assistant City Attorney
**OFFICE OF THE CITY ATTORNEY**
City and County of Denver
201 West Colfax Avenue, Dept. 1108
Denver, CO 80202
Telephone: 720-913-3100
Facsimile: 720-913-3190

By    s/ Jamie D. Wynn
Jamie D. Wynn, Esq.
Assistant City Attorney
**OFFICE OF THE CITY ATTORNEY**
City and County of Denver
201 West Colfax Avenue, Dept. 1108
Denver, CO 80202
Telephone: 720-913-3100
Facsimile: 720-913-3190