IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 08-cv-01669-REB-MJW

ESTATE OF ELIAS SANTISTEVAN, by Chanell Santistevan as personal representative,
ESTATE OF DEION SANTISTEVAN, by Chanell Santistevan as personal representative,
and
CHANELL SANTISTEVAN, individually,

    Plaintiffs,
v.

THE CITY AND COUNTY OF DENVER, COLORADO, et al.,

    Defendants.

# ORDER

**Blackburn, J.**

The matters before me are (1) **Defendants City and County of Denver and Gerald R. Whitman's Motion for Attorneys' Fees as Part of Its** (sic) **Costs** [#70] filed October 26, 2009; and (2) plaintiff's **Motion for Production of Documents** [#79] filed November 20, 2009. I deny the motion for attorney fees; thereby, mooting the motion for production of documents.

The threshold for awarding a prevailing defendant attorney fees pursuant to 42 U.S.C. § 1988 is high:

> While a prevailing plaintiff ordinarily is entitled to attorney fees, a prevailing defendant in a civil rights action may recover attorney fees only if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant. This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff.

***Mitchell v. City of Moore, Oklahoma***, 218 F.3d 1190, 1203 (10th Cir. 2000) (citations

and internal quotation marks omitted). Moreover, "[i]In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." ***Christiansburg Garment Co. v. EEOC***, 434 U.S. 412, 421-22, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). ***See also Mitchell***, 218 F.3d at 1203 ("The dismissal of claims at the summary judgment stage does not automatically meet this stringent standard.")

Although defendants point to numerous factors indicating that counsel for plaintiff may have been lazy, obstinate, inflammatory, and uneducated in the relevant law and the rules of procedure, I cannot find that these factors demonstrate that the suit was so baseless as to qualify as frivolous or vexatious under the lofty standards set forth above. As noted in my **Order Granting Defendants' Motion for Summary Judgment** at 5 [#61] filed October 8, 2009, the standard to state a constitutional claim for deprivation of a due process liberty interest in familial association is "exacting." Although I found that no reasonable jury could find in plaintiff's favor under that standard, I cannot say it was frivolous or vexatious to insist that returning Deion Santistevan and his sister to their grandmother, where Elias Santistevan may have had easier access to them and without plaintiff's express permission, interfered with plaintiff's familial rights. ***See Shero v. City of Grove, Oklahoma***, 2007 WL 1574759 at *13 (N.D. Okla. May 29, 2007) ("A losing plaintiff's lawsuit is not likely to be found frivolous if he had 'an arguable basis' for pursuing the claim. Such an arguable basis might include . . . a material factual dispute") (citation and internal quotation marks

omitted)). Accordingly, defendants' motion for attorney fees must be denied.[1]

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants City and County of Denver and Gerald R. Whitman's Motion for Attorneys' Fees as Part of Its** (sic) **Costs** [#70] filed October 26, 2009, is **DENIED**; and

2. That plaintiff's **Motion for Production of Documents** [#79], filed November 20, 2009, is **DENIED AS MOOT**.

Dated July 1, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[1] On the other hand, plaintiff's counsel's attempt to influence the court by attachment to the response to the motion of an graphic photograph of the scene of the horrific crime that underlies this lawsuit is highly improper. Counsel is forewarned that such attempts to manipulate the court by resort to inflammatory tactics are not effective and may subject him to appropriate individual sanctions in the future.