IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 08-cv-01669-REB-MJW

ESTATE OF ELIAS SANTISTEVAN, by Chanell Santistevan as personal representative,
ESTATE OF DEION SANTISTEVAN, by Chanell Santistevan as personal representative,
and
CHANELL SANTISTEVAN, individually,

    Plaintiffs,
v.

THE CITY AND COUNTY OF DENVER, COLORADO, et al.,

    Defendants.

## ORDER RE: DEFENDANTS' MOTION TO RECONSIDER TAXATION OF COSTS

**Blackburn, J.**

The matter before me is **Defendants City and County of Denver and Gerald R. Whitman's Motion To Reconsider Clerk's Ruling as to Defendants' Bill of Costs** [#77] filed November 19, 2009.[1] I grant the motion in part and deny it in part.

Allowable costs are delineated by 28 U.S.C. § 1920. The burden is on the prevailing party to establish that the expenses it seeks to have taxed as costs are authorized by section 1920. ***English v. Colorado Department of Corrections***, 248 F.3d 1002, 1013 (10th Cir. 2001); ***Griffith v. Mt. Carmel Medical Center***, 157 F.R.D. 499, 502 (D. Kan. 1994). Expenses not specifically authorized by the statute are not recoverable as costs. ***Crawford Fitting Co. v. J.T. Gibbons, Inc.***, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987); ***Bee v. Greaves***, 910 F.2d 686, 690 (10th Cir. 1990). Moreover, even where costs are allowed by statute, the prevailing

---

[1] Plaintiffs have filed no response to this motion.

party still must demonstrate that the amount requested is reasonable. *See U.S. Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988), *overruled on other grounds as recognized by Anixter v. Home-Stake Products Co.,* 77 F.3d 1215, 1231 (10th Cir. 1996).

Defendants, as the prevailing parties, sought $7,904.20 in costs associated with depositions and preparation of an expert witness report. The Clerk of the Court taxed costs in the amount of $428.75, which represented only the costs of the deposition of Matthew Gutierrez, whose testimony was referenced specifically in defendants' motion for summary judgment. The Clerk denied all other costs associated with all other depositions and the expert's report on the ground that those expenses were not necessarily obtained for use in the case because they were not utilized in connection with defendants' successful summary judgment motion.

Although the Clerk's standard may be "narrower than section 1920" requires, it is not necessarily an abuse of discretion to employ such a measure of costs. *Merrick v. Northern Natural Gas Co., Division of Enron Corp.*, 911 F.2d 426, 434 (10th Cir. 1990); *Hernandez v. George*, 793 F.2d 264, 268-69 (10th Cir. 1986). Moreover, "[t]he most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court." *U.S. Industries, Inc.*, 854 F.2d at 1246. On the other hand, actual use in a motion presented to the court does not define the absolute outer limit of necessary costs, either. *See Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1205 (10th Cir. 2000) ("[I]t would be inequitable to essentially penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of

discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case.") (quoting *Callicrate v. Farmland Industries, Inc.*, 139 F.3d 1336, 1341 (10th Cir. 1998)).

Under the facts of this particular case, I find that the Clerk abused his discretion in failing to award costs associated with depositions not explicitly referenced in defendants' summary judgment motion. For instance, it strains credulity to conclude that plaintiff's deposition did not appear reasonably necessary in this case. With respect to the other deponents, all were present at and percipient witnesses to the rapidly-unfolding events underlying plaintiffs' claims in this lawsuit, which took place over a span of two days over a wide swath of the greater metro Denver area. Each deponent was witness to a slightly different moment in the story, and, thus, this is not a case where the testimony was unnecessarily cumulative.[2] For these reasons, these depositions, although not referenced explicitly in the summary judgment motion, reasonably could have appeared necessary at the time they were taken. Accordingly, defendants are entitled to an additional $2,470.45 in costs associated with the transcription of these depositions, an additional $195.00 in costs for appearance fees, and an additional $240.00 in costs incident to the taking of the depositions[3] of the four witnesses other than Gutierrez.

Defendants also seek $4,550.00 in costs assessed by their expert for preparation

---

[2] The fact that the testimony of three of the deponents as to whom costs are sought – plaintiff, her mother, and Ashleigh Ludwig – were referenced in and appended to plaintiff's response to the summary judgment motion also demonstrates the necessity of these depositions.

[3] This amount is the total fees for all deponents, less those already awarded for Gutierrez, and a $20.00 "rush fee" associated with the deposition of Lana Darlene Santistevan. Defendants have provided neither authority nor justification for the assessment of this fee, and I, therefore, disallow it.

of his expert witness report. However, the costs of preparing such a report are not recoverable under section 1920, regardless whether it was used in association with a successful dispositive motion *vel non*, and, thus, beyond my discretion to allow. **See Crawford Fitting Co.**, 107 S.Ct. at 2498 (citing **Henkel v. Chicago, St. Paul, Minneapolis & Omaha Railway Co.**, 284 U.S. 444, 446-47, 52 S.Ct. 223, 224-25, 76 L.Ed. 386 (1932)) (internal quotation marks omitted). **See also L & W Supply Corp. v. Acuity**, 475 F.3d 737, 739-41 (6th Cir. 2007). Thus, these fees properly were disallowed.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants City and County of Denver and Gerald R. Whitman's Motion To Reconsider Clerk's Ruling as to Defendants' Bill of Costs** [#77] filed November 19, 2009, is **GRANTED IN PART** and **DENIED IN PART**;

2. That the motion is **GRANTED** insofar as defendants challenge the Clerk of the Court's determination that they are not entitled to recover costs associated with taking of depositions of witnesses other than those whose testimony was specifically referenced in and/or appended to the motion for summary judgment;

3. That defendants are **AWARDED** additional costs of $2905.45, which is comprised of

    a. $2,470.45 in costs associated with the costs of transcription of five depositions;

    b. $195.00 in costs associated with appearance fees for those depositions; and

  c. $240.00 in other costs incident to the taking of the depositions; and

4. That the motion is **DENIED** otherwise.

Dated July 1, 2010, at Denver, Colorado.

                **BY THE COURT:**

                */s/ Robert E. Blackburn*
                Robert E. Blackburn
                United States District Judge